UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARYANN VARNADOE, on behalf of herself
and on behalf of all others
similarly situated,

     Plaintiff,

v.                                  CASE NO.:

MULTIPLE INNOVATIONS TO RECOVERY, LLC,
d/b/a/ 7 SUMMIT PATHWAYS

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARYANN VARNADOE ("Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendant, MULTIPLE INNOVATIONS TO RECOVERY, LLC, d/b/a/ 7 SUMMIT PATHWAYS ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), unpaid wages and violations of IRS Code Subsection 7434(d). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. The INTERNAL REVENUE SERVICE ("IRS") will be notified of the commencement of this action in accordance with Subsection 7434(d) of the Internal

Revenue Code, which provides that "[a]ny person bringing an action under Subsection [7434](a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

4.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District.

## PARTIES

5.    Plaintiff is a resident of HILLSBOROUGH County, Florida.

6.    Defendant MULTIPLE INNOVATIONS TO RECOVERY, LLC operates an addiction treatment facility in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

7.    Plaintiff has satisfied all conditions precedent, or they have been waived.

8.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9.    Plaintiff requests a jury trial for all issues so triable.

10.    At all times material hereto, Named Plaintiff MARYANN VARNADOE was employed by Defendant.

11.    The putative class of similarly situated employees consists of all other hourly facility staff members employed by Defendant within the last three years who were not paid overtime premium for hours worked over 40.  These similarly situated persons will be referred to as "Members of the Class" or "the Class."

12. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

13. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

14. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Defendant continues to be an "employer" within the meaning of the FLSA.

16. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

17. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

18. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

19. At all times material hereto, Defendant set Plaintiff's and Members of the Class' work schedules, provided them with specific tasks to perform, provided them with all of the equipment that they needed to use in order to perform their work, and controlled the hours and location in which employees worked.

20. Thus, Plaintiff and Members of the Class are "employees" covered by the FLSA, rather than independent contractors who were in business for themselves.

21.     Specifically, Plaintiff and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

22.     Plaintiff and Members of the Class were paid on an hourly basis. For a short period of time Plaintiff and Members of the Class were paid a "salary" but Defendant made improper deductions for partial work days thereby violating the salary guidelines.

23.     Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

24.     At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

**FACTS**

25.     Plaintiff MARYANN VARNADOE began working for Defendant as a behavioral health technician in October 2017 as a 1099 independent contractor.

26.     Defendant misclassified Plaintiff and other facility staff members in order to avoid payment of workers' compensation insurance premiums and other costs of labor. Plaintiff was advised that they had to stay under a certain number of employees to avoid these costs.

27.     Plaintiffe

28.     Plaintiff was then converted to "employee" or W-2 status as a behavioral health technician. She was paid on an hourly basis. She performed her work in this title for approximately 3 months after which we was given the title billing manager. Her responsibilities did not change She was paid hourly. After approximately 1 year, she was given the title behavioral health technician lead. Her duties did not change. She was briefly paid a "salary" from which deductions were made for partial or full workdays she did not work but had worked during the same workweek.

29.     On information and belief, there are approximately 5 employees of the company who are paid hourly and receive only straight time for hours worked. The remaining persons are misclassified as independent contractors and are paid hourly and receive only straight time for their overtime hours worked.  There are approximately 20 such misclassified contractors.

30.     At least one of Plaintiff's coworkers objected to the company's overtime pay violations and was paid the overtime premium.

31.     One behavioral health technician in addition to Plaintiff was reclassified/classified as an employee. Approximately 6 behavioral health techs remain misclassified.

32.     Defendant consistently failed to deduct any federal income taxes from the wages of Plaintiff and Members of the Class who are misclassified. For each tax year, Defendant reported the wages of Plaintiffs and the Class on IRS Forms 1099 - Miscellaneous, rather than the appropriate IRS Forms W-2.

33.     As a result, Defendant unlawfully shifted its Internal Revenue Code liability for paying employment taxes onto Plaintiff and Members of the Class.

34.     From March 2018 until January 2020, Plaintiff Varnadoe was classified correctly as a W-2 employee.

35.     Whether she was classified as a contractor or an employee, Plaintiff was only compensated at her regular hour rate for any hours she worked beyond forty hours in one week.

36.     There were also times during Plaintiff's employment that hours worked would be manipulated by the Defendant in order to reduce the amount of regular and overtime wages owed to her. This practice was common for Plaintiff and other facility staff members.

37.     Defendant engaged in a scheme to manipulate hours, and to refuse to pay a premium for overtime worked, in order to avoid payment of overtime.

38.     At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

39.     Thus, Defendant consistently failed to pay Plaintiff and Members of the Class an overtime premium for all of those hours in excess of forty hours per week that they worked, in violation of the FLSA.

40.     By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with

respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

41.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

42.     Defendant willfully filed 1099 forms that contained fraudulent information.

43.     Defendant knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff and Members of the Class' earnings and to provide Plaintiff and Members of the Class with accurate W-2 tax statements for each tax year during which they worked.

44.     Defendant's actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

45.     Named Plaintiff challenged Defendant's unlawful payroll practices.

46.     In retaliation for her complaints, Defendant terminated Plaintiff's employment on or about January 2020.

**COLLECTIVE ACTION ALLEGATIONS**

47.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of all hourly facility staff members whom Defendant failed to compensate for all hours worked and overtime premiums earned in accordance with the FLSA.

48.     Therefore, notice is properly sent to: "All hourly paid facility staff members whom Defendant failed to compensate for all of the hours that they worked and overtime premium earned from March 2017 to the present."

49.     The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

50.     Plaintiff is similar to the Class because she and the Class have been unlawfully denied full payment of their wages as mandated by the FLSA.

51.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

52.     Defendant's failure to pay for all hours worked and the overtime premium rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

53.     Defendant's failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Class.

54.     Overall, Plaintiff's experience as a behavioral health technician/billing manager/behavioral health technician lead who worked for Defendant is typical of the experience of the Class.

55.     Specific job titles or job duties of the Class do not prevent collective treatment.

56.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

57.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 46 of this Complaint, as fully set forth herein.  Plaintiff brings this action on behalf of herself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

58.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

59.     Defendant failed to compensate Plaintiff and the Class for all of the hours that Plaintiff and the Class worked in accordance with the FLSA

60.     The Members of the Class are similarly situated because they were all hourly employees of  Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its employees for all of the hours worked and overtime premium earned in accordance with the FLSA.

61.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1).  As a result, Plaintiff and the Members of the Class are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

62.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

***WHEREFORE***, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that she seeks to represent, in accordance with the FLSA;

(b)      Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)      Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid wages of Plaintiff and all opt-in Members of the Class, at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h)     Judgment against Defendant stating that their violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## COUNT II – FLSA UNPAID WAGES

64.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 46 of this Complaint, as though fully set forth herein.

65.     During the statutory period, Plaintiff and the Class worked for Defendant, and Defendant agreed to pay Plaintiff and the Class for their services.

66.     Defendant consistently altered the reported hours worked by Plaintiff and the Class, resulting in unpaid regular wages.

67.     This conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

68.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

*WHEREFORE*, Plaintiff and all similarly situated employees who join this collective action demand:

(a)    Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that she seeks to represent, in accordance with the FLSA;

(b)    Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)    Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)    Judgment against Defendant for an amount equal to the unpaid wages of Plaintiffs and all opt-in Members of the Class;

(f)    Judgment against Defendant for an amount equal to the unpaid wages of Plaintiff and all opt-in Members of the Class, as liquidated damages;

(g)    A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(h)       Judgment against Defendant stating that its violations of the FLSA were willful;

(i)        To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)        All costs and attorney's fees incurred in prosecuting these claims; and

(k)       For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

69.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 46 of this Complaint, as though fully set forth herein.

70.    During the statutory period, Plaintiff worked for Defendant and Defendant agreed to pay Plaintiff for her services.

71.    Defendant failed to pay Plaintiff all of the aforementioned "wages" owed to Plaintiff.

72.    As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue, and that this Court take jurisdiction over the case;

    c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages and overtime premium;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e)    For such further relief as this Court deems just.

## COUNT IV– CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

73.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 46 of this Complaint, as though fully set forth herein.

74. By failing to properly account for and pay Federal Insurance Contributions Act ("FICA") taxes on Plaintiff's behalf, as required by the IRS, during the course of Plaintiff's employment, Defendant filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

75. By filing the fraudulent 1099 forms, Defendant substantially reduced its obligation for payment of taxes pursuant to the FICA and the Federal Unemployment Tax Act.

76. Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

77. Defendant's misclassification of the majority of its workforce was made to avoid the Company's responsibilities to its employees under applicable provisions of the IRS Code.

*WHEREFORE*, Plaintiff demands:

a) Costs attributable to resolving deficiencies, damages of $5,000 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

b) That Defendants be ordered to take all the necessary steps to correct the above identified information returns.

c)    All costs and attorney's fees incurred in prosecuting these claims; and

d)    For such further relief as the Court deems just and equitable.

## COUNT V – FLSA RETALIATION

78.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 46 of this Complaint, as though fully set forth herein.

79.    By protesting Defendant's unlawful payroll practices, Plaintiff engaged in protected activity under the FLSA.

80.    Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA by terminating Plaintiff's employment

81.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff was injured by Defendant's violations of the FLSA.

*WHEREFORE*, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Compensatory damages, including emotional distress, allowable at law; and

(f)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 19th day of March, 2020.

Respectfully submitted,

DONNA V. SMITH
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**